# UNITED STATES COAST GUARD COURT OF CRIMINAL APPEALS
## Washington, D.C.

## UNITED STATES

### v.

### Moore C. PIONTEK,
### Seamen Recruit (E-1), U.S. Coast Guard

### CGCMG 0201

### Docket No. 1229

### 3 June 2005

General Court-Martial convened by Commander, Thirteenth Coast Guard District.  Tried at Seattle, Washington, on 8 November 2004.

| | |
|---|---|
| Military Judge: | COL Stephen T. Henley, USA |
| Trial Counsel: | LT Aaron W. Reiman, USCGR |
| Assistant Trial Counsel: | LT Jowcol I. Vina, USCGR |
| Defense Counsel: | LCDR James A. Link, JAGC, USN |
| Appellate Defense Counsel: | LCDR Nancy J. Truax, USCG |
| Appellate Government Counsel: | LT D. Sean Baer, USCGR |

### BEFORE
### PANEL NINE
### BAUM, McCLELLAND, & TEAL[*]
Appellate Military Judges

Per Curiam:

Appellant was tried by general court-martial, military judge alone.  Pursuant to his pleas of guilty, entered in accordance with a pretrial agreement, Appellant was convicted of two specifications of violating a lawful general order by wrongfully using a government computer for other than authorized purposes and one specification of violating a lawful general order by wrongfully possessing drug paraphernalia, in violation of Article 92, Uniform Code of Military Justice (UCMJ); and one specification of wrongfully and knowingly transporting child pornography in violation of 18 U.S.C. § 2252A(a)(1), one specification of wrongfully and knowingly possessing child pornography in violation of 18 U.S.C. § 2252A(a)(5)(B), and one

---

[*] Judge Teal did not participate in this decision.

specification of wrongfully providing alcoholic beverages to a person under the age of twenty-one, in violation of Article 134, UCMJ.  The military judge sentenced Appellant to a dishonorable discharge and confinement for twenty-five months.  The Convening Authority changed the dishonorable discharge to a bad-conduct discharge and approved the adjudged sentence as changed.  He also suspended confinement in excess of fifteen months for the period of confinement plus twelve months from the date of Appellant's release from confinement, as required by the pretrial agreement.

Before this Court, without admitting that the findings and sentence are correct in law and fact, Appellant has submitted this case on its merits as to any and all errors.  Additionally, Appellant moved to have Judge Teal disqualify himself and have the case reassigned to a panel to which Judge Teal is not assigned.  Judge Teal did not participate in this decision.  Appellant's Motion for Panel Reassignment is denied.

We have reviewed the record in accordance with Article 66, UCMJ.  Upon such review, the findings and sentence are determined to be correct in law and fact and, on the basis of the entire record, should be approved.  Accordingly, the findings of guilty and the sentence, as approved below, are affirmed.



For the Court,

Roy Shannon Jr.
Clerk of the Court